UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG JAMES MARR,
         Petitioner,

No. 1:07-cv-629

-v-

HONORABLE PAUL L. MALONEY

CARMEN PALMER,
         Respondent.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Craig Marr ("Petitioner"), a prisoner under the control of the Michigan Department of Corrections, filed a habeas petition under 28 U.S.C. § 2254. Petitioner was convicted by a jury of second-degree murder and possession of a firearm during the commission of a felony. At trial, Petitioner did not deny shooting the victim; rather, he presented evidence to support a claim of self defense. After reviewing the record, the magistrate judge issued a report recommending the petition be dismissed. (ECF No. 32.) The magistrate judge concludes Petitioner's claims are either procedurally defaulted or without merit. Petitioner filed objections. (ECF No. 36.)

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no

objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

Petitioner raised eight claims in this habeas action. The magistrate judge discussed each of the eight claims, although not in the order presented by Petitioner. Each objection is addressed below.

A. Claim 1 - Trial court improperly excluded evidence at trial[1]

1. Objection A1 - Petitioner argues the trial court improperly prevented him from providing evidence at trial about specific acts of violence perpetrated by the victim of the shooting.

Petitioner's objection is OVERRRULED. The magistrate judge correctly found that the trial court's ruling and the holding by the Michigan Court of Appeals were based on Michigan's evidentiary rules. Petitioner does not object to that finding. Petitioner does not object to the magistrate judge's finding that this evidentiary claim does not amount to a violation of Petitioner's constitutional rights. *See Fleming v. Metrish*, 556 F.3d 520, 534-37 (6th Cir. 2009). That conclusion is reinforced by the fact that Petitioner was able to present other evidence about his victim's violent reputation as well as evidence relevant to his claim of self defense. The cases on which Petitioner relies do not compel a different outcome. None of petitioner's citations are binding on this court; the opinions were not issued by the United States Supreme Court or the Sixth Circuit Court of Appeals. None of the cases address the exclusion of evidence as a constitutional issue.

---

[1]The magistrate judge incorporates Petitioner's claim 1 and claim 6 in this portion of the R&R. Petitioner's objections to Claim 6 are addressed below.

2. Objection A2 - Petitioner argues the trial court prevented him from presenting sufficient evidence to support his theory of self defense.

Petitioner's objection is OVERRULED. The R&R correctly summarizes the testimony presented both by Petitioner and other witnesses. This testimony, combined with the reasoning outlined under the first objection, supports the finding of the magistrate judge.

3. Objection A3 - Petitioner argues the trial court excluded more than one specific act of violence.

Petitioner's objection is OVERRULED. This objection merely restates the first objection on this claim.

4. Objection A4 - Petitioner argues the excluded evidence of the victim's reputation and specific instances of violence were critical to his theory of self defense.

Petitioner's objection is OVERRULED. Petitioner has not identified with sufficient specificity what alleged acts of violence were excluded or how those acts would have been relevant. Without additional information, the Court cannot determine whether the excluded information was essential or indispensable to Petitioner's defense. Petitioner has not sufficiently established that additional acts of violence or additional testimony as to the victim's violent reputation were critical to his theory of self defense. Petitioner's assertion that such evidence was critical, without more, does not establish a constitutional violation, given that Petitioner was able to present some evidence on these two issues.

5. Objections A5 and A6 - Petitioner asserts the exclusion of this evidence violated his right to seek the truth and further requests the court issue a certificate of appealability on the claim.

Petitioner's objections are OVERRULED. Neither objection addresses any finding or conclusion in the R&R. The objections merely recite statements of law and supporting citations. This general objection does not merit further discussion.

Accordingly, this portion of the R&R, pages 29-34, is ADOPTED as the opinion of the Court.

B. Claim 2 - Trial court did not allow the jury instructions to include lesser included offenses

1. Objections B1 and B4 - Petitioner argues the magistrate judge's reliance on *Bagby v. Sowders*, 894 F.2d 792 (6th Cir. 1990) (en banc) is misplaced.

Petitioner's objection is OVERRULED. The cases cited by Petitioner are not binding on this Court; the opinions were issued by circuit courts other than the Sixth Circuit. As noted in the R&R, the Sixth Circuit has consistently followed the holding in *Bagby* relevant here. *See Tegeler v. Renico*, 253 F.App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F.App'x 25, 28-29 (6th Cir. 2002). The trial court's decision to not include in the jury instructions the lesser included offenses did not amount to "an arbitrary and unsupportable denial" "in clear defiance of state law." *Bagby*, 894 F.2d at 795.

2. Objections B2 and B3 - Petitioner argues the Court should review the merits of the issue.

Petitioner's objections are OVERRULED. For the same reasons summarized above, the magistrate judge did not err in finding that Petitioner has not established that this issue is cognizable under a habeas review. More specifically, for these two objections, Petitioner merely recites points of law and citations to non-binding authority. Petitioner does not apply the points of law to the particular facts on his case. This general objection does not merit further discussion.

Accordingly, this portion of the R&R, pages 37 and 38, is ADOPTED as the opinion of the Court.

C. Claim 3 - Failure to produce a witness at trial

1. Objections C1 and C2 - Petitioner argues the admission of McClurkin's preliminary examination testimony to the jury was in error because it deprived the jury of evaluating her demeanor and the testimony was not cumulative.

The R&R correctly outlines the legal framework for decision on this issue. See R&R, pages 39-41. Concerning the first prong, "unavailability", the Michigan Court of Appeals assumed arguendo that the

trial court had erred in its holding that witness McClurkin was unavailable within the confines of *Ohio v Roberts,* 448 U.S. 56 (1980). It is unclear whether the Magistrate Judge made a definitive ruling on this issue while outlining the contours of the trial court's findings on this issue. See R&R, pages 15-17. In the interest of clarity, this Court affirms the ruling of the trial judge.

The test as to what length to which the prosecution must go to produce a witness is "reasonableness", *Winn v Renico,* 175 F. App'x 728, 733 (6th Cir. 2006) constituting a good faith effort. *Barber v Page,* 390 U.S. 719, 724-725 (1968). The prosecutor more than amply fulfilled this burden, including, *inter alia*, service of a subpoena, confirming within a week of trial, the witness's willingness to testify and appear and then after she failed to appear, multiple contacts with family and school authorities.

Petitioner's objections are OVERRULED. The local authorities made reasonable efforts to secure the witness' attendance and therefore the witness was not "unavailable" under *Ohio v. Roberts*, 448 U.S. 56 (1980).

Petitioner also has not established that the testimony had a substantial and injurious effect on his defense. Petitioner identifies areas where McClurkin's testimony deviated from the testimony of other witnesses. Both the Michigan Court of Appeals and the magistrate judge explored these inconsistencies. Given the number of witnesses at the trial, very little of McClurkin's testimony, if any, was not covered by another or multiple other witnesses. A review of the record shows that McClurkin's testimony was generally consistent with that of other witnesses. If any constitutional violation occurred, it was not substantial and injurious within the meaning of *Brecht*, 507 U.S. at 638.

3. Objection C3 - Petitioner argues McClurkin's testimony was contradicted by other witnesses and the jury was denied the opportunity to evaluate McClurkin's demeanor.

Petitioner's objection is OVERRULED. Petitioner's third objection merely rewords the first two

objections on this claim.

Accordingly, this portion of the R&R(as supplemented herein), pages 38-42, is ADOPTED as the opinion of the Court.

D. Claim 4 - Prosecutorial misconduct - improper attack on Petitioner's expert witness

The Court has reviewed the portion of the R&R addressing the testimony of Petitioner's expert witness. (R&R, 44-46.) The R&R correctly and accurately summarizes both the record in this case and the relevant law. Petitioner's objections do not undermine the sound reasoning or conclusions offered in the R&R. Accordingly, Petitioner's objections on this claim are OVERRULED and this portion of the R&R is ADOPTED as the opinion of the Court.

E. Claim 4 - Prosecutorial misconduct - assertion of facts not in evidence

1. Objection E1 - Petitioner argues there was no evidence in the record that he cocked the gun used to shoot the victim, contrary to the prosecutor's assertion.

Petitioner's objection is OVERRULED. Petitioner does not object to the magistrate judge's conclusion that the prosecutor's statement did not negatively impact Petitioner's defense. (R&R, 48.) The prosecutor argued to the jury that because Petitioner pulled the slide, or cocked the gun, Petitioner had time to think about what he was doing, showing premeditation. Assuming, for the sake of argument only, that the record neither included that fact nor included facts from which the allegation might be inferred, the prosecutor's statement did not persuade the jury that Petitioner was guilty of premeditated murder. The jury did not convict Petitioner of a crime involving premeditation.

2. Objection E2 - Petitioner argues the prosecutor unfairly characterized Corwin's trial testimony as admitting that "everything" Corwin said at the preliminary examination was a lie.

Plaintiff's objection is OVERRULED. The Court has reviewed the portion of the R&R addressing the prosecutor's characterization of Corwin's testimony. (R&R, 48-49.) The R&R correctly and

accurately summarizes both the record in this case and the relevant law. Petitioner's objections do not undermine the sound reasoning and conclusions offered in the R&R.

      3. Objections E3 and E4 - Petitioner argues the prosecutor's inappropriate statements violated his right to due process and further requests the Court issue a certificate of appealability on this issue.

      Petitioner's objections are OVERRULED. Neither objection addresses any finding or conclusion in the R&R. The objections merely recite statements of law and supporting citations. This general objection does not merit further discussion.

      Accordingly, Petitioner's objections on this claim are OVERRULED and this portion of the R&R, pages 46-49, is ADOPTED as the opinion of the Court.

F. Claim 6 - Trial court improperly excluded evidence relevant to Petitioner's defense while admitting similar evidence in favor of the prosecution

      1. Objection F1 - Petitioner argues the trial court should have admitted Doer's testimony that Petitioner looked scared.

      Petitioner's objection is OVERRULED. The R&R correctly points out that the testimony at issue was not relevant to Petitioner's defense, that he was scared of the victim, because the shooting had already occurred. The R&R also correctly points out that this claim was procedurally defaulted. Petitioner's objection does not address either of these findings.

      2. Objections F2 and F3 - Petitioner argues the trial court's decision impeded his right to seek the truth and further requests a certificate of appealability on this issue.

      Petitioners objections are OVERRULED. Petitioner's objections are OVERRULED. Neither objection addresses any finding or conclusion in the R&R. The objections merely recite statements of law and supporting citations. This general objection does not merit further discussion.

      Accordingly, this portion of the R&R, pages 34-37, is ADOPTED as the opinion of the court.

7

G. Claim 7 - Petitioner was prejudiced by the prosecutor's use of leading questions

Petitioner' objections are OVERRULED. Having reviewed this portion of the R&R, pages 49-50, the magistrate judge correctly and accurately summarizes the record. Petitioner's objections do not undermine the sound reasoning and conclusions in the R&R. Accordingly, this portion of the report is ADOPTED as the opinion of the Court.

H. Claim 8 - Ineffective assistance of counsel

Petitioner's objections are OVERRULED. The Court finds the R&R accurately and correctly summarizes the record and the relevant law. Petitioner's objections here are perfunctory; they merely reiterate, in truncated fashion, the arguments already considered and rejected by the magistrate judge. Petitioner has not identified how the magistrate judge erred. Accordingly, this portion of the R&R, pages 50-53, are ADOPTED as the opinion of the Court.

**CONCLUSION**

The Court has reviewed the R&R, Petitioner's objections, and, where necessary, the record. Petitioner's objections do not undermine the sound reasoning and well-supported conclusions in the R&R. For the reasons provided in the R&R, the petition is DENIED.

<u>CERTIFICATE OF APPEALABILITY</u>

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the petition, R&R, and objections for the purpose of issuing a certificate of appealability. To the extent reasonable jurists may disagree with the trial judge's decisions or the prosecutor's statements, reasonable jurists would agree with the application of those facts to the law. For Claims 1 and 6, reasonable jurists would not disagree that Petitioner's constitutional rights were not violated and that Petitioner has not demonstrated that the evidence excluded was central or indispensable to his defense. For Claim 2, reasonable jurists would not disagree that the failure to give a lesser-included instruction, under these facts, is not cognizable in a habeas review. For Claim 3, reasonable jurists would not disagree the witness was not "unavailable" or that the testimony was not substantial and injurious, in light of the other evidence presented. For Claim 4, 5 and 7, reasonable jurists would not disagree that either the evidence in the record supported the prosecutor's statements or the statements did not have a negative outcome on the trial. For Claim 8, reasonable jurists would not disagree that trial counsel was not ineffective, as the underlying basis for each of the alleged instances of ineffectiveness lack merit.

**ORDER**

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 32) is ADOPTED, over objections and as supplemented as the opinion of the Court.

2. Craig Marr's petition for habeas relief is **DENIED.** The claims in the petition are **DISMISSED WITH PREJUDICE.**

3. A certificate of appealability is **DENIED.**

Date:   March 18, 2011                                              /s/ Paul L. Maloney                     
                                                                    Paul L. Maloney
                                                                    Chief United States District Judge